**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KIEM HWA TJOA,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 08-72166<br><br>Agency No. A097-351-514<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2012[**]
Pasadena, California

Before:    PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL,
Senior District Judge.[***]

Kiem Hwa Tjoa, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lawrence L. Piersol, Senior United States District Judge for the District of South Dakota, sitting by designation.

decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review, reverse the BIA's denial of asylum, and remand so that the Attorney General may exercise his discretion whether to grant relief.

Substantial evidence supports the BIA's determination that Tjoa did not experience harm that rises to the level of past persecution. Furthermore, substantial evidence supports the BIA's determination that Tjoa was not entitled to withholding of removal or relief under the Convention Against Torture. But substantial evidence does *not* support the BIA's determination that Tjoa failed to establish a well-founded fear of future persecution in Indonesia.

A well-founded fear of future persecution must be both subjectively genuine and objectively reasonable. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). The subjective prong is satisfied by the applicant's credible testimony that she genuinely fears harm, while the objective prong is satisfied by the applicant's credible testimony that her fear of harm is reasonable. *Id.*; *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000). With regards to the objective prong, "even a ten percent chance of persecution may establish a well-founded fear." *Al-Harbi v. INS*, 242

2

F.3d 882, 888 (9th Cir. 2001). One way to satisfy the objective prong is to show well-founded fear based on membership in a disfavored group. To determine whether an applicant has a well-founded fear on this basis, "this court will look to (1) the risk level of membership in the group . . . and (2) the alien's individual risk level." *Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999). "The relationship between these two factors is correlational; that is to say, the more serious and widespread the threat of persecution to the group, the less individualized the threat of persecution needs to be." *Id.*

In *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), this court held that Indonesia's ethnic Chinese minority is a "*significantly* disfavored" group, given Indonesia's "history of anti-Chinese violence dating as far back as 1740" and "continued tensions, resentment and violence." *Id.* at 925-27 (emphasis added). Thus, the court held that, as a member of this group, Sael need only show a "'comparatively low' level of individualized risk in order to prove that she has a well-founded fear of future persecution." *Id.* at 927.

The court found Sael met this burden by "testif[ying] credibly at her asylum hearing about various incidents of discrimination, harassment and threats to her safety." *Id.* These incidents included discrimination by her classmates in school when she was a young girl; having to flee from angry rioters who identified her as

3

Chinese on the street; vandalism of her car combined with a threat that she "better be careful"; and the throwing of rocks against the boarding house where she and another ethnic Chinese woman lived. *Id.* at 927-28. The *Sael* court thus held that "Sael's compelling evidence establishes her eligibility for asylum" and remanded so that the Attorney General could use his discretion in granting relief. *Id.* at 930.

Tjoa meets the subjective prong of well-founded fear of future persecution because she has credibly alleged that she fears she would be harmed if she went back to Indonesia. Tjoa also meets the objective prong of well-founded fear by credibly testifying to multiple instances of anti-Chinese threats and discrimination. On at least four different occasions, Tjoa was stopped on the street by native Indonesians who identified her as Chinese based on her appearance and proceeded to harass and threaten her. Further, while Sael experienced only verbal harassment, vandalism, and threats, Tjoa was robbed and physically assaulted in Indonesia as well. The physical harm and monetary loss Tjoa experienced "establish[es] a sufficient personal connection to the general persecution directed against ethnic Chinese in Indonesia" to warrant the conclusion that Tjoa has a well-founded fear of persecution. *Id.* at 929. Substantial evidence does not support the BIA's contrary determination.

For the foregoing reasons, we grant the petition for review and hold that Tjoa's credible and compelling evidence establishes her eligibility for asylum. We **REVERSE** the BIA's denial of asylum and **REMAND** so that the Attorney General may exercise his discretion as to whether to grant relief.